## No. 13,756.

IN RE CORBERA & KLEIN FURNITURE COMPANY, LIMITED, IN LIQUIDATION.

### SYLLABUS.

It is too late to apply for and obtain an appeal in the matter of the liquidation of a corporation after the final account of the liquidators has been homologated, the funds distributed and the liquidators discharged, through a motion made after the term during which the judgment was obtained has expired.

Proper parties, duly cited, must be before the appellate court.

APPEAL from the Civil District Court, Parish of Orleans—*Theard, J.*

*William S. Parkerson* and *Theodore Cotonio* for Liquidators, Defendants, Appellees.

*D. M. Sholars* for Opponents, Appellants.

ON MOTION TO DISMISS THE APPEAL.

The opinion of the court was delivered by

NICHOLLS, C. J. The liquidators of the Corbera & Klein Furniture Company, Limited, having filed their final account as such, oppositions were filed to the same; among others, one on the 3rd of October, 1899, by D. M. & Allan Sholars, attorneys, representing a number of creditors. On the 30th of March, 1900, the district court rendered a judgment amending the account in a number of respects and decreeing that in other respects the oppositions ·be dismissed, and that, as amended, the account be approved and homologated and the funds distributed in accordance therewith.

On July 3rd, 1900, by judgment of the court, the liquidators were discharged as such and their bond cancelled.

On the 17th of October, the opposition filed by the Messrs. Sholars, which had been fixed for trial notwithstanding the judgments above mentioned, was called up, whereupon Mr. Cotonio, who had represented the former liquidators, objected to any proceedings thereon, that there

was no issue before the court, that no notice had been given to them upon which the court required information, the case having been closed by final judgment. The court overruled the objection and permitted evidence to be heard as to whether or not the Messrs. Sholars had been notified legally by posting of the fixing for trial of the account and the oppositions thereto.

The Messrs. Sholars then offered evidence in support of their opposition, to which counsel of the former liquidators objected on the ground that it was too late and the case should not be reopened. The objection was sustained, and on the 20th of November, 1900, judgment was signed dismissing these oppositions as of non-suit.

On the 30th of November, 1900, the Messrs. Sholars, suggesting that the parties whom they represented were aggrieved by the judgments rendered on the 30th of March, 1900, and on the 20th of November, 1900, and that the two judgments were contrary to law, it was ordered that a devolutive appeal be granted them, returnable to the Supreme Court on the first Monday of December, 1900, on opponents giving bond in the sum of one hundred dollars, conditioned according to law.

On December 14th, 1900, appellants obtained an extension of the return day to the third Monday of December, 1900, and on the 17th of December they obtained a further extension of eight days. The transcript of appeal was filed on the 24th of December, 1900.

On December 7th, 1900, appellants filed a bond of appeal.

On the 5th of January, 1901, a motion to dismiss the appeal was filed by attorneys representing themselves as attorneys representing the ex-liquidators of the corporation.

The motion to dismiss was as follows:

1. That the appeal herein taken was granted by the lower court upon motion of said D. M. & Allan Sholars, which motion was filed on November 30th, 1900 (transcript, p. 191). The return day for the said appeal was fixed for the first Monday in December, 1900, being the next return day to this court. That on said December 1st no transcript of appeal had been filed in this court; but on December 4th, three days after the return day, a motion was filed in this court for an extension of time. That this court was not competent to grant the said extension of time, even though said application had been made on the return day, the said appeal not having been perfected by the filing of the appeal bond; and there being no appeal bond this court was without jurisdiction to grant said extension. And the appeal bond was filed subsequent

to the granting of said extension of time, to-wit: on December 7th, 1900 (transcript, p. 192).

2. That the motion of appeal mentions two judgments from which movers desire to appeal; one rendered March 26th and signed March 30th, 1900; the other rendered November 14th and signed November 20th, 1900 (transcript, p. 189). That, as to the judgment rendered March 26th and signed March 30th, 1900, a citation to appellees was necessary, the judgment having been rendered at a preceding term of court, and no citation was prayed for by appellants, nor had ever been served herein to your movers as appellees, they having been the liquidators of said Corbera & Klein Furniture Company, Limited, in Liquidation, and in due course of law discharged from their trust, they having distributed the funds in their possession as required by the court. That they are entitled to be cited, and the failure of said appellants to pray for a citation of appeal and to have such citation served is fatal to the appeal of appellants.

3. That in the motion of appeal no specific appellants are named, but reference is made to an opposition filed October 10th, 1900. That in the so-called opposition Palmer & Hardin and the Ames Furniture Co. are named as creditors, but they do not join in the appeal bond; nor are they named in said appeal bond as appellants. That the funds of this estate, having been distributed by order of court, and the liquidators discharged by final judgment, there are no funds before the court over which the jurisdiction of the court could attach. And if the amount, as claimed by said creditors as due to them respectively, even though the aforesaid Palmer & Hardin and the Ames Furniture Company be included, be the test of the jurisdiction of this court, then this court is without jurisdiction, because the said claims amount in the aggregate to $1489.68, or less than two thousand dollars; and this court is, therefore, without jurisdiction over the appeal *ratione materiae*.

4. That this court is without jurisdiction because the claims of the appellants, or said so-called creditors, are not verified by affidavits, as required by law, and therefore they are without interest or right to appeal in the premises.

5. That the said transcript of appeal is incomplete, because certain evidence, mention of which is made in the note of evidence of October 17th, 1900, is not embodied in the transcript, and the same is due to no

fault of the clerk of court, but to appellants, who offered said evidence, but did not actually file the same.

The evidence shows that the opposition presented by the Messrs. Sholars was filed after the others and after the account, with its prior oppositions, had been placed upon the call docket and posted. It is useless to discuss now whether there was, in fact, any fault or negligence in not calling the attention of the Messrs. Sholars to the fact that the account with its oppositions had been fixed for trial, or on their own part in not ascertaining that fact themselves, for that case has gone to trial, judgment has been rendered therein, the funds distributed in accordance therewith, and the liquidators been discharged by a judgment which has not been appealed from or questioned.

What we are now concerned in is to ascertain whether a motion of appeal made and an order of appeal granted long after all these matters had become accomplished facts and after the term at which the judgments were rendered, can stand or not. The motion for appeal refers to the two judgments of the 30th of March, 1900, and that of the 30th of November, 1900, as those by which appellants were aggrieved, but the bond refers to the judgment appealed from as a "final judgment rendered against them in the suit of *In re* Corbera & Klein Furniture Company, Limited, in Liquidation, on the — day of ———, 189—, and signed on the — of ———, 189—."

Assuming that it was the purpose of appellants to have appealed from the judgment rendered on the 30th of March, 1900, it will be seen that the motion of appeal was made at a term of court other than that in which the judgment was rendered; after that judgment had become final, the funds had been distributed, and the liquidators discharged. Appellants contend that notwithstanding that condition of things, the appeal is sustainable, and they refer us to our decision in Hamilton vs. His Creditors, 51 Ann.

The facts of the two cases are not alike. It is true that the appellants in that case applied for and obtained an order for a devolutive appeal, but it was by a timely motion, made just after the judgment in the case had been rendered, and all parties in interest were thereby notified at once, without the necessity of citation, of the appeal granted, and that they were thereby made parties to the appeal. This court held that this result followed in the case of a devolutive appeal as well as in the case of a suspensive appeal. That the appeal having been granted on motion, the district court could not, after the appellate jurisdiction

In re Furniture Company, in Liquidation.

of the Supreme Court had vested, divest it by any decree it might render thereafter discharging the syndic at his instance, even if true it had been (which it held it was not) that the continuance of the syndic in office was necessary for the maintenance of an appeal, in the matter of a *concurso* with such oppositions and judgments, as were rendered in that particular instance.

We find an entirely different state of facts in the present instance. The motion of appeal and order of appeal were granted long after the judgments had become final; after the funds had been distributed, and the liquidators had been discharged. Conceding that the present appellants were not cut off from appealing, devolutively, under the then existing conditions, the appeal would have had to be brought up after citation, regularly made upon the parties in interest, which was not done. The appeal is not sustainable as one from the judgment of the 30th of March, 1900.

Viewing the appeal as one sought to be taken by motion from the judgment of 30th of November, 1900, no objection can be made as to the timeliness of the motion, but the trouble is that the so-called judgment was really an *ex parte* dismissal by the court of appellants' oppositions, for there were no parties in interest before the court at that time; the liquidators had been discharged, and the creditors having been all paid without opposition, had disappeared entirely from the scene. The authority of the former counsel of the liquidators to represent them had ceased; they could not stand in judgment for them, even if they had been authorized so to do, for the liquidators themselves were then out of office and could not be reinstated of their own volition, nor in that particular manner.

There are no proper parties before the court to sustain the present appeal. The motion to dismiss which has been made we consider nothing more than a "suggestion" to the court by the former liquidators of a condition of things which would cause the appeal to fall. We take notice of this suggestion and dismiss the appeal, as of our own motion, for want of proper parties.

The appeal is dismissed.